UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OMAR TORRES,

                      Plaintiff,

   -against-
                                     **SUMMARY ORDER**
YEVGEN DUNIKOV and DUOMIT LLC,      19-cv-03317 (DLI)(PK)

                    Defendants.
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 8, 2020, Plaintiff Omar Torres ("Plaintiff") moved to enforce a settlement agreement reached with Defendants Yevgen Dunikov ("Dunikov") and Duomit LLC ("Duomit") (collectively, "Defendants"). Dkt. Entry No. 14. On January 13, 2020, Defendants opposed the motion, stating that Dunikov had filed a petition in the U.S. Bankruptcy Court for the Southern District of New York seeking chapter 7 relief (the "Bankruptcy Action"), and that the instant action should be stayed automatically pursuant to 11 U.S.C. § 362(a)(1). Dkt. Entry No. 15. On January 14, 2020, the Court stayed the case (the "Stay Order"). On January 17, 2020, Plaintiff moved for reconsideration of the Stay Order, arguing that, as only Dunikov filed for bankruptcy, Defendants had not shown that the stay was warranted as to Duomit ("Motion for Reconsideration"). Dkt. Entry No. 16. Defendants opposed contending that Dunikov is the sole owner and operator of Duomit and, as a result, the Bankruptcy Action would have adverse consequences for Duomit. ("Opposition"). Dkt. Entry No. 17. For the reasons set forth below, the Motion for Reconsideration is denied. Accordingly, this case is stayed in its entirety and administratively closed with leave to move to reopen within thirty (30) days of the conclusion of the Bankruptcy Action.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted). Typical grounds for reconsideration include "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"A suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing." *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2003). "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Id.* Thus, in *Queenie*, the Second Circuit extended the stay to the non-debtor corporation "because it is wholly owned by [the debtor], and adjudication of a claim against the corporation will have an immediate adverse economic impact on [the debtor]." *Id.* Accordingly, because Duomit is wholly owned by Dunikov, and adjudication of a claim against Duomit will have an immediate adverse impact on Dunikov, the stay properly is extended to Duomit. *See*, *Id.*

Plaintiff relies on two cases, *Queenie* and *Lightbody v. Girlie's Ambulette Serv.*, 2010 WL 3417844 (E.D.N.Y. Aug. 27, 2010), in contending that Defendants have not explained how they meet *Queenie*'s test to determine whether the case against a non-debtor should be stayed, *i.e.,* that the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *See*, Mot. for Reconsideration at 1. The Court finds that both the Opposition and

2

the Complaint sufficiently establish that adjudication of a claim against Duomit will have an immediate adverse impact on Dunikov, which is wholly owned by Duomit, and the stay, thus, was extended properly to Duomit.  *See*, Opposition at 2; Compl. ¶ 10 ("Defendant Dunikov Yevgen, upon information and belief, owns, operates and controls Duomit's day-to-day operations and management").

## CONCLUSION

As Plaintiff has failed to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice, the motion for reconsideration is denied and this case is administratively closed with leave to move to reopen within thirty (30) days of the conclusion of the Bankruptcy Action.

SO ORDERED.

Dated: Brooklyn, New York
       April 17, 2020

/s/
DORA L. IRIZARRY
United States District Judge
